# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NICOLE M. DISTEFANO,<br>Appellant, | DOCKET NUMBER<br>SF-0752-17-0670-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: April 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Stichler, Santa Barbara, California, for the appellant.

Steven B. Schwartzman, Seattle, Washington, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency employed the appellant as an EAS-21 Customer Services Manager at River Road Station in Eugene, Oregon. Initial Appeal File (IAF), Tab 7 at 92. Due to allegations of erroneous scanning and improper entries of time records and/or clock rings, the Office of Inspector General (OIG) conducted a series of investigative interviews in March 2017. IAF, Tab 5 at 33, 36, 41. During the course of the investigation, the OIG discovered that the appellant made changes to the time records and/or clock rings for S.M., a Postal Support Employee who was dating the appellant's son, even though she had not approved 1260s in support of those changes. IAF, Tab 5 at 31, 34-35, 42-46, Tab 7 at 34, 37-38, Tab 15 at 5.

In a letter dated April 6, 2017, the agency proposed the appellant's removal based on the charge of unacceptable conduct. IAF, Tab 5 at 19-21. In its seven specifications, the agency stated that, from February 2016 to October 2016, the appellant had improperly deleted time records and/or entered clock rings for S.M. without appropriate supporting documentation (1260s). *Id*. at 19. In her response to the proposed removal, the appellant asserted that she lacked the training on the Time and Attendance Control System (TACS) operation and policy typically provided to managers at the EAS-21 level, given her direct promotion from a

GS-13 to an EAS-21 position, and that it was common practice in Eugene for managers and supervisors to enter or edit time in TACS for employees who moved between stations or completed tours at other stations, such as S.M., based solely on verbal requests of other managers or supervisors without supporting documentation (1260s). IAF, Tab 5 at 17-18. Nevertheless, the agency removed the appellant from her position. IAF, Tab 5 at 12-14; Hearing Compact Disc (HCD).

The appellant filed a Board appeal challenging her removal and requesting a hearing. IAF, Tabs 1, 4. She did not raise any affirmative defenses. IAF, Tab 14 at 2. After holding a hearing, the administrative judge affirmed the appellant's removal. IAF, Tab 17, Initial Decision (ID) at 1, 13. The administrative judge found that the agency proved the charge by preponderant evidence, that nexus existed between the charge and the efficiency of the service, and that the penalty was reasonable. ID at 5-13.

The appellant has filed a petition for review, and the agency has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant alleges on review that the administrative judge erred in failing to read an intent requirement into the agency's charge of unacceptable conduct. PFR File, Tab 1 at 4. According to the appellant, intent should be considered as an element of the agency's charge because the proposing official referenced sections of the Employee and Labor Relations Manual (ELM), including ELM 665.44, which stated, in pertinent part, "Recording the time for another employee constitutes falsification of a report." HCD (testimony of the appellant); IAF, Tab 5 at 20. We disagree. While the charge of falsification, by its very nature, requires a showing of intent, the agency did not charge the appellant with falsification in its proposal notice and did not reference the aforementioned ELM section in its decision notice. IAF, Tab 5 at 12-14, 19-21;

*see Rackers v. Department of Justice*, 79 M.S.P.R. 262, 276 (1998) (holding that the Board adjudicates the charge as it is described in the proposal and decision notices), *aff'd*, 194 F.3d 1336 (Fed. Cir. 1999) (Table). The Board is bound to evaluate the charge as written and not to remake it to a charge that could have been brought but was not. *Reynolds v. Department of Agriculture*, 54 M.S.P.R. 111, 113 (1992).

In order to prove a charge of unacceptable conduct, the agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label. *See generally Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 7 (2011); *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). We agree with the administrative judge that the agency proved its charge by preponderant evidence.[2] ID at 7. The record shows, and the appellant does not deny, that she engaged in the charged conduct. HCD (testimony of the appellant); IAF, Tab 5 at 19, 43-46. The OIG investigative report contains TACS records for S.M. showing that the appellant deleted time records and/or entered clock rings on 14 occasions during the period of February 2, 2016, to October 21, 2016, as set forth in the charge.[3] *E.g.*, IAF, Tab 5 at 19, 82, 95, 102, 127, 139, 144, 150, 156-57, 166, 169, Tab 7 at 31-33. There is no indication in the record that the appellant had supporting documentation for any of these changes, as required. IAF, Tab 7 at 34, 37-38. The OIG investigative report contains six 1260s for S.M. during the period of August 2016 to October 2016 retained at River Road. *Id.* None of these 1260s were signed by the appellant. *Id.* They were all signed by the same person—

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] When there is more than one event or factual specification supporting a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge. *See Burroughs v. Department of the Army,* 918 F.2d 170, 172 (Fed. Cir. 1990). Here, the TACS records for S.M. correspond with the conduct ascribed to the appellant in specifications A to G, evidenced by the timestamps and the appellant's employee identification number.

M.A.—the supervisor S.M. identified as her primary contact for issues related to timekeeping at River Road. *Id.*; HCD (testimony of S.M.).

The appellant challenges the administrative judge's finding that she was not credible. PFR File, Tab 1 at 4. In finding that the appellant was not credible, the administrative judge properly considered the *Hillen* factors,[4] including the appellant's demeanor, the inconsistencies between the appellant's hearing testimony and her responses in the investigative interviews, and the inherent improbability of the appellant's description of events. ID at 3-4. The Board must give deference to an administrative judge's credibility findings when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board should have deferred to the administrative judge's demeanor-based credibility determinations, which were implicitly intertwined with her findings about the appellant's potential for rehabilitation). The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe*, 288 F.3d at 1301. The appellant has not provided such reasons in this case.

While the appellant maintains that it was common practice for supervisors and managers to make changes in employees' time records without 1260s, as evidenced by the practices of S.M.'s home station, Westside, PFR File, Tab 1 at 4, the administrative judge did not credit such a statement because it was

---

[4] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

controverted or otherwise rendered improbable by her other statements in the investigative interview and at the hearing. ID at 3-4. The appellant affirmed that she "pushed [S.M.] the hardest" to complete and submit her 1260s at River Road, where she was often assigned, to ensure that she was compensated for the time she worked. HCD (testimony of the appellant, S.M.); IAF, Tab 5 at 43. The appellant also articulated an assumption that other offices maintained 1260s for the time records and/or clock rings that she changed. IAF, Tab 5 at 43, 45. That M.A. made changes to S.M.'s time records and/or clock rings based on 1260s, in contrast to the appellant's actions, further undercuts her claim. IAF, Tab 7 at 34, 37-38, Tab 5 at 45. We discern no reason to reweigh the hearing testimony or substitute our assessment of the testimony for that of the administrative judge.

In alleging that the administrative judge was harsh and aggressive in her questioning at the hearing, the appellant appears to be raising a claim of bias. PFR File, Tab 1 at 4. There is a presumption of honesty and integrity on the part of administrative judges, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362 63 (Fed. Cir. 2002). Even if the administrative judge was somewhat abrupt and impatient with an appellant, such conduct would not establish bias. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 8 (2002). Here, the appellant's allegation is insufficient to establish bias.

The appellant argues that the administrative judge improperly denied her request for a witness who was expected to testify as to his knowledge regarding the compliance of other EAS-level officials in Eugene with the guidelines pertaining to the use of the 1260s and the penalties imposed on such officials for conduct akin to that of the appellant. PFR File, Tab 1 at 4; IAF, Tab 13 at 10.

The administrative judge issued a written summary of the prehearing conference that stated, among other things, that she did not approve the National Association of Postal Supervisors representative as a witness and provided the parties with an opportunity to raise an objection to the summary.  IAF, Tab 14 at 2.  There is no indication in the record that the appellant objected to the administrative judge's ruling, even though she was advised that any objection, if not timely raised, would be deemed waived, and thus she is precluded from doing so on review.  IAF, Tab 14; *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988).

The appellant claims that the administrative judge ignored or otherwise minimized the testimony of three witnesses:  C.B., L.B., and S.M.  PFR File, Tab 1 at 4.  Contrary to her allegation, the administrative judge found S.M. to be credible because she was forthright, responsive, and provided testimony that was consistent with her prior written communications and statements.  ID at 4-5.  The administrative judge further considered, and found unpersuasive, the appellant's testimony for which C.B. and L.B. provided corroboration, that it was common practice in Eugene to change time entries for employees based on text messages, phone calls, and emails (instead of 1260s).  ID at 7; HCD (testimony of the appellant, C.B., L.B.); IAF, Tab 5 at 43-45, 61-62, Tab 13 at 20.  By implication, therefore, the administrative judge also found the testimony of C.B. and L.B. to be unpersuasive.  Even if the administrative judge had minimized the testimony of certain witnesses, as the appellant argues, her failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision.  *Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

The appellant observes that the administrative judge failed to consider the OIG investigative report and the letters written by supervisors on her behalf.  PFR File, Tab 1 at 4.  These documents are part of the evidence of record; thus, the administrative judge had the opportunity to consider these documents.  IAF, Tab 5 at 66-199, Tab 6 at 4-236, Tab 7 at 4-91, Tab 13 at 19-21.  As already

discussed, the OIG investigative report supports a finding that the appellant engaged in the charged conduct. Moreover, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it. *Marques*, 22 M.S.P.R. at 132.

Finally, the appellant makes a conclusory assertion that the penalty "should have been mitigated to less than a removal." PFR File, Tab 1 at 4. When, as here, the agency's charge has been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant *Douglas* factors[5] and exercised management discretion within tolerable limits of reasonableness. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 25 (2016). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* It is not the Board's role to decide what penalty it would impose but, rather, to determine whether the penalty selected by the agency exceeds the maximum reasonable penalty. *Id.* Here, the administrative judge properly found that the deciding official gave adequate consideration to the relevant factors and that the agency's chosen penalty of removal was reasonable. ID at 9-13.

We find no basis upon which to disturb the administrative judge's conclusion that the agency has proven its charge by preponderant evidence, that nexus exists between the appellant's misconduct and the efficiency of the service, and that removal was a reasonable penalty. ID at 3-9; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board provided a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.